Albert E. ROBINSON and Rose M.
Robinson, Appellants,

v.

UNITED STATES of America, Appellee.

No. 90–1242.

United States Court of Appeals,
Third Circuit.

Argued Aug. 21, 1990.

Decided Dec. 21, 1990.

As Amended Jan. 23, 1991.

Mark E. Cedrone (argued), Thomas W. Ostrander, Duane, Morris & Heckscher, Philadelphia, Pa., for appellants.

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, David English Carmack, David A. Hubbert (argued), Tax Div., Dept. of Justice, Washington, D.C. (Michael M. Baylson, U.S. Atty., of counsel), for appellee.

Before STAPLETON, COWEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

Asserting a procedural defect, taxpayers challenged an Internal Revenue Service lien via a suit under 28 U.S.C. § 2410(a). The district court dismissed for lack of jurisdiction concluding that the taxpayers' attack necessarily struck at the underlying assessment, a result it believed was barred by this Court's precedent. We reverse. Our prohibition against assaults on the "merits of an assessment" applies to the amount of tax due and does not prevent scrutiny of procedural lapses by the IRS.

In 1971 the Internal Revenue Service assessed plaintiffs for unpaid income taxes for the years 1968 and 1969. Because of taxes assertedly due for those years, the IRS filed liens in Montgomery County, Pennsylvania against the home that plaintiffs own.

Plaintiffs filed this action to quiet title under 28 U.S.C. § 2410(a). The complaint

alleged that the government failed to comply with the statutory procedures for creating a lien, specifically that the IRS never issued a notice of deficiency to plaintiffs before assessing the tax due. For the purposes of its motion to dismiss, the IRS conceded that a notice of deficiency was not sent, but asserted that jurisdiction was lacking because sovereign immunity barred plaintiffs from attacking the merits of the assessment under section 2410(a). The district court agreed that the suit was essentially a challenge to the assessments, and dismissed for lack of jurisdiction.

## I.

In the Internal Revenue Code Congress has specified steps for the creation of a lien arising out of unpaid taxes. After preliminary steps, when the IRS believes that the taxpayers have not paid all or any part of their income tax due, the following procedures apply.[1]

1. The IRS mails a notice of deficiency to the taxpayers by certified or registered mail. 26 U.S.C. § 6212(a). Once this notice has been mailed, the taxpayers have ninety days in which to file a petition for redetermination in the Tax Court.[2] 26 U.S.C. § 6213.

■ The notice of deficiency, sometimes called a "ninety day" letter, is the taxpayers' "ticket to the Tax Court" to litigate the merits of the deficiency determination, *Delman v. Commissioner*, 384 F.2d 929, 934 (3d Cir.1967), *cert. denied*, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968), and is a jurisdictional prerequisite to a suit in that forum. *Laing v. United States*, 423 U.S. 161, 165 n. 4, 96 S.Ct. 473, 477 n. 4, 46 L.Ed.2d 416 (1976). Until ninety days have passed, the IRS can neither make an assessment nor utilize Court procedures for collection. *Holof v. Commissioner*, 872 F.2d 50, 53 (3d Cir.1989). If the taxpayers file in the Tax Court within that period, the restraint on the IRS continues until the

decision of the Court becomes final. 26 U.S.C. § 6213(a).

2. If the taxpayers do not file a petition in the Tax Court within the specified time, the IRS makes an assessment. 26 U.S.C. § 6213(c). A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. § 6203; Treas. Reg. § 301.6203–1.

3. As soon as practicable and within sixty days after making the assessment, the IRS must issue a "notice and demand letter" to the taxpayers, specifying the amount due and demanding payment. 26 U.S.C. § 6303.

4. If the taxpayers do not pay after demand, the IRS may file a lien against their property. 26 U.S.C. § 6321. *See generally* Wilkens & Matthews, *A Survey of Federal Tax Collection Procedure: Rights and Remedies of Taxpayers and the Internal Revenue Service*, 3 Alaska L.Rev. 269 (1986).

The first of these procedures—the provision requiring the IRS to issue a notice of deficiency—is the focal point of this case.

■ The notice is a "pivotal feature of the Code's assessment procedures," *Holof*, 872 F.2d at 53, because it serves as a prerequisite to a valid assessment by the IRS. The Internal Revenue Code is clear that "no assessment of a deficiency … and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice [of deficiency] has been mailed to the taxpayer, nor until the expiration of such 90–day … period." 26 U.S.C. § 6213(a). By providing an opportunity to litigate the merits of the deficiency in the Tax Court without requiring payment of the full amount allegedly owed, the statute provides substantial benefits to taxpayers.

Because this is an appeal from an order granting a motion to dismiss, we accept the plaintiffs' allegations that the IRS did not send a notice of deficiency but did file a

---

**1.** Modified procedures apply in termination and jeopardy assessment cases, 26 U.S.C. §§ 6851(b), 6861(b), but are not relevant here.

**2.** If the taxpayers reside outside the country 150 days are allowed. 26 U.S.C. § 6213(a).

lien in the county courthouse. *See Matthews v. Freedman*, 882 F.2d 83, 84 (3d Cir.1989). Although these facts present a seemingly straightforward case of the IRS's failure to comply with the Code, the jurisdictional aspect of the suit in the district court must be resolved.

## II.

In this appeal the IRS maintains that taxpayers' remedies are restricted to injunctive relief, refund actions or petitions to the Tax Court. Having "provided for situations such as this, and dictated the manner in which taxpayers should proceed," IRS Brief at 23, Congress did not intend to waive sovereign immunity in such cases brought under 2410(a). Plaintiffs point out that the absence of a notice of deficiency barred their right to proceed in the Tax Court, and that injunctive relief is not available.

## III.

■ 28 U.S.C. § 2410(a) provides that "the United States may be named a party in any civil action or suit in any district court ... (1) to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien."

Despite the broad wording of section 2410(a), courts have been cautious in permitting its use in tax cases. Recognizing that Congress has provided an elaborate system for litigating tax claims in the Tax Court before payment and in District Court and the Court of Claims for refunds, courts have hesitated to add to the remedies provided by the Internal Revenue Code. Section 2410(a) is a statute of general applicability, applying to all liens and not limited to those created by tax delinquencies, and therefore the courts have favored the specific procedures of the Code. *See e.g., Flora v. United States*, 362 U.S. 145, 157, 80 S.Ct. 630, 636, 4 L.Ed.2d 623 (1960).

This attitude is reflected in the oft-cited opinion of *Falik v. United States*, 343 F.2d 38 (2d Cir.1965). There, the IRS placed a lien on the taxpayer's home after determining that, as a responsible corporate officer, she was liable for social security and withholding taxes. The taxpayer attempted to use section 2410(a) to contest the validity of the lien on the ground that the IRS erred in holding her liable. The Court of Appeals concluded that Congress did not intend section 2410(a) to overturn the long-standing principle that except as to matters within the jurisdiction of the Tax Court, "a person whose sole claim is that a federal tax assessment was not well grounded in fact and law must 'pay first and litigate later.'" *Id.* at 42. Significantly, however, access to the Tax Court was not available to the taxpayer in that case.

The principle that a taxpayer cannot use section 2410(a) to challenge the extent of, or existence of, substantive tax liability is well-settled. In *Yannicelli v. Nash*, 354 F.Supp. 143, 151 (D.N.J.1972), the district court noted that our Court has interpreted section 2410(a) to confer subject matter jurisdiction "provided that the plaintiff refrains from collaterally attacking the merits of the Government's tax assessment itself." In ruling on a motion for reconsideration, the district judge emphasized that "[t]he 'merits' which the district court may not review in such an action include any issue touching upon the actual extent of the taxpayer's federal tax liability." *Id.* at 157 n. 4.

The most significant case addressing the issue before us is *Aqua Bar & Lounge, Inc. v. United States*, 539 F.2d 935 (3d Cir.1976). There, we confronted a challenge to the legality of the IRS's seizure and sale of a taxpayer's property because of non-payment of taxes. The taxpayer admitted that the tax was due, but asserted that the IRS had failed to comply with the statutory requirements for a sale. We concluded that section 2410(a) waived sovereign immunity to a suit "which challenges the validity of a federal tax lien and sale so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself." *Id.* at 939–40.

In several instances in the *Aqua Bar* opinion the Court referred to disputes over the "merits of the underlying tax assessment" and determined that so long as no such attack was made, a suit under section

2410(a) did not "undermine the established administrative and judicial framework for resolving an individual's tax liability." *Id.* at 939. Significantly, the panel said "[i]n the absence of a Congressional directive to the contrary, we refuse to place such a narrowing construction on § 2410 and thus deprive a taxpayer of any remedy against arbitrary administrative action." *Id.*

Other Courts of Appeals have cited *Aqua Bar* with approval. *See Estate of Johnson,* 836 F.2d 940, 944 (5th Cir.1988) ("Several circuits have held that a taxpayer may use section 2410(a) to contest the procedural regularity of a lien."); *Pollack v. United States,* 819 F.2d 144, 145 (6th Cir.1987) ("A suit under 28 U.S.C. § 2410 is proper only to contest the procedural regularity of a lien; it may not be used to challenge the underlying tax liability.").

## IV.

Against this background we consider the issue raised by the parties. Any suit against the federal government must of course clear the hurdle of sovereign immunity and, in many tax cases, the Anti–Injunction Act, 26 U.S.C. § 7421(a). That statute provides that "[e]xcept as provided in section[ ] ... 6213(a), ... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." Section 6213(a) states, "Notwithstanding the provisions of section 7421(a) [the Anti–Injunction Act], the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

Because section 6213(a), requiring a notice of assessment, provides an exception to the Anti–Injunction Act, at first glance it would appear that plaintiffs could have sought an injunction. However, "Congress, in enacting Section 6213(a), did not repudiate the principle that injunctive relief is an extraordinary remedy which is unavailable absent a showing of irreparable injury and no adequate remedy at law." *Flynn v. United States,* 786 F.2d 586, 590 (3d Cir.1986). *See also Commissioner v.*

*Shapiro,* 424 U.S. 614, 633, 96 S.Ct. 1062, 1073, 47 L.Ed.2d 278 (1976).

Plaintiffs assert that it is unlikely that they could show the absence of a remedy at law, particularly because the option to file a refund action is available. The IRS seems to agree and, in addition, asserts that another remedy is available—a petition in the Tax Court. The IRS, however, has directed us to no authority on the latter point. We have found no instance in which the Tax Court has been granted jurisdiction over an income tax claim when a notice of deficiency was not sent. Indeed, the statutory language and case law are to the contrary. *Laing,* 423 U.S. at 165 n. 4, 96 S.Ct. at 477 n. 4; *Delman,* 384 F.2d at 934 ("It is true that unless a notice of deficiency is mailed to the taxpayer the Tax Court may not acquire jurisdiction.").

In the absence of a remedy in the Tax Court, the IRS argument seems to be reduced to the proposition that the possibility of filing a refund suit indicates that Congress did not intend to waive sovereign immunity in tax cases filed under section 2410(a). Because there is no evidence of such a Congressional intent and the IRS position is not supported by case law or logic, we reject that argument as not persuasive.

In addition, the IRS asserts that *Aqua Bar* does not apply because failure to send out a notice of deficiency inevitably undermines the procedures required to establish a valid assessment and, therefore, the challenge to the procedural integrity of the lien is in reality an attack on the substantive tax assessment. For the purpose of this suit, however, plaintiffs admit that the taxes are due and, consequently, they maintain there is no attack on the assessment. According to the district court, plaintiffs attacked the assessments: "If it were true that [plaintiffs] are challenging the tax liens on any basis which does not also amount to a challenge of the underlying assessment, their argument might be acceptable. But I am not persuaded that is the case."

Relying on *Aqua Bar,* plaintiffs maintain that a challenge to the procedural irregu-

larity of the tax lien creates jurisdiction, particularly because they concede the amount owed. Certainly the plaintiffs' request for relief is based solely on the lien's procedural infirmity resulting from the failure to send the notice of deficiency. But, as the district court recognized, the theoretical prospect of remedying that procedural defect without altering the assessment itself presents some difficulties in practice. Although we think the distinction could be made in some highly sophisticated and rather unrealistic fashion, in the end we believe it is unnecessary to do so.

■ We reach that conclusion because the IRS has misconstrued the "merits of the underlying tax assessment" as articulated in *Aqua Bar*. A proper reading is that for jurisdictional purposes under section 2410(a), "merits" refers to the liability for the amount, if any, of tax due. *See Yannicelli*, 354 F.Supp. 143. *Aqua Bar* does not prohibit inquiry into procedural defects, and indeed the Court refused to adopt a narrow construction of section 2410(a) that would deprive taxpayers of a remedy against arbitrary administrative action.

Critical to our resolution of this issue is that the IRS's failure to send a notice of deficiency denied plaintiffs an opportunity to litigate the merits of the alleged deficiency in the Tax Court. This factor was not present either in *Aqua Bar* or in *Falik*. In both cases the Courts were concerned with preserving the expeditious methods of tax collection which Congress had created. Consequently, the taxpayers were not allowed to use section 2410(a) to evade "the pay first and sue later" refund suits—the only remedy authorized in the factual circumstances of those cases.

In the income tax case here, however, Congress has authorized an additional remedy, suit in the Tax Court before payment, and has clearly spelled out the prerequisites. Had the notice of deficiency been sent, plaintiffs would have had the right to file a petition in the Tax Court and under section 6213(a) no assessment could have been made before a decision by that Court.[3] Opening the procedural deficiencies of the assessment to question under section 2410(a) in these circumstances, therefore, does not do violence to the collection system created in the Internal Revenue Code. Indeed, to read section 2410(a) in this manner preserves the options granted to the taxpayers and grants them the means, perhaps not otherwise available, to correct an arbitrary administrative action.

■ For these reasons we hold that in an income tax dispute cognizable in the Tax Court, jurisdiction under section 2410(a) is proper when the procedural error blocking access to the Tax Court may also impugn the procedural validity of the assessment. Consistent with the weight of authority we neither permit attacks on the amount of the assessment nor entertain assertions that no tax is owed.

We recognize that our decision on this point may seem to be at odds with those of the Courts of Appeals for the Ninth and Tenth Circuits in *Elias v. Connett*, 908 F.2d 521 (9th Cir.1990) and *Schmidt v. King*, 913 F.2d 837 (10th Cir.1990), respectively. We are uncertain about the position of those Courts in those two cases because the opinions are unclear in discussing the governmental errors which are encompassed within section 2410(a) jurisdiction. To the extent, however, that those opinions may be understood to hold that the "merits of the underlying assessment" include procedural defects and prevents examination of such errors under section 2410(a), they are inconsistent with *Aqua Bar* and we find them nonpersuasive.

Congress has created an elaborate system for the collection and dispute of tax matters. Adherence to these procedures is required by both citizens and the IRS alike. As one commentator remarked, "The procedural provisions of the Code appear to be the creation of a scholastic, but whimsical, mind. In general, however, the courts take them literally: the game must be played according to the rules." Johnson, *An In-*

---

**3.** We do not address the government's option of making a jeopardy assessment, 26 U.S.C. § 6861(b), because it has not been asserted to be relevant here.

quiry Into the Assessment Process, *35 Tax L.Rev. 285, 286 (1980).  In the factual situation assumed here, the IRS broke the rules.*

Accordingly, the order of the district court will be reversed.  The case will be remanded for further proceedings consistent with this Opinion, including a resolution of contested factual matters.