978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles GARWOOD, Plaintiff/Appellant,
v.
UNITED STATES of America, Defendant/Appellee.
 No. 91-3735.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.*
Decided Oct. 23, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 ORDER
 The IRS put a lien on Charles Garwood's property because he failed to pay a tax deficiency assessed against him. Instead of challenging in tax court the finding of a deficiency, I.R.C. § 6213(a), Garwood challenged the imposition of the liens by bringing a suit to quiet title in federal district court. The Judge, sitting as the finder of fact, granted the government's motion to dismiss at the close of Garwood's case-in-chief. The court held that Garwood's suit was not truly a suit to quiet title but rather a suit attacking the assessment of the deficiency. Finding no legal basis for the suit the court granted the government's motion to dismiss and denied Garwood's subsequent motion to reconsider its ruling. Garwood appealed.
 Garwood's only basis for suing was his frivolous claim that he did not have to pay taxes so there should not have been a deficiency nor a lien. United States v. Sloan, 939 F.2d 499, 501 (7th Cir.1991) The court correctly characterized the suit as one attacking the assessment of deficiency. And having so characterized the suit, the court correctly dismissed the case for failure to state a claim on which relief could be granted. 28 U.S.C. § 2410 waives governmental immunity in suits to quiet title, and when a taxpayer attacks procedural lapses by the government in placing a lien on his property for tax deficiencies. Robinson v. United States, 920 F.2d 1157, 1161 (3d Cir.1990). But if the suit to quiet title is just a suit attacking the assessment of a deficiency the government is immune from suit. Falik v. United States, 343 F.2d 38, 40 (2d Cir.1965) (Friendly, J.).
 
 
 1
 The government asks us to impose sanctions against Garwood for filing a frivolous appeal. Fed.R.App.P. 38. The government raised this request in its brief, but Garwood passed up the opportunity to respond in his reply brief so he has forsaken further need for notice. Colosi v. Electri-Flex Co., 965 F.2d 500, 505 (7th Cir.1992). Rule 38 allows sanctions when the case is frivolous and appropriate for sanctions; this case meets both requirements so we will impose sanctions on Garwood. Granado v. CIR, 792 F.2d 91, 94 (7th Cir.1986); Coleman v. CIR, 791 F.2d 68, 73 (7th Cir.1986). The government has asked for $1500 in sanctions instead of costs and attorneys' fees, which we have found appropriate in past cases. Id. Garwood shall have 15 days within which to respond to the government's proposal of $1500 in sanctions.
 
 
 2
 AFFIRMED, with SANCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs