FREEDOM MISSION CHURCH and
Edward F. Hiserodt, Plaintiffs,

v.

GREEN BAY PACKAGING, INC. and
United States of America,
Defendants.

GREEN BAY PACKAGING,
INC., Cross-claimant,

v.

UNITED STATES of America, Defendant.

No. LR–C–91–063.

United States District Court,
E.D. Arkansas, W.D.

Jan. 4, 1993.

Eugene G. Sayre, Jack, Lyon & Jones, P.A., Little Rock, AR, for plaintiffs.

Don A. Eilbott, Eilbott Law Firm, Pine Bluff, AR, for defendants.

Billie L. Crowe, U.S. Dept. of Justice, Sp. Litigation–Tax Div., Washington, DC, for U.S.

## ORDER

ROY, District Judge.

Now before the Court is defendant United States of America's motion for partial summary judgment. The motion has to do with the plaintiffs' quiet title aspect of their amended complaint. The United States' two-part argument is that, first, this court has no jurisdiction to entertain this action, and two, that the plaintiffs can not prevail on the merits of the quiet title claim.

**514**

## I.

We first will consider the jurisdictional issue raised again by the United States. "Any suit against the federal government must of course clear the hurdle of sovereign immunity and, in many tax cases, the Anti–Injunction Act, 26 U.S.C. § 7421(a)." *Robinson v. United States,* 920 F.2d 1157, 1160 (3rd Cir.1990).

■ Plaintiffs assert that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340, 1346, and 2410. Section 1340 is a general grant of jurisdiction for cases concerning the revenue code, but it does not constitute a waiver of sovereign immunity by the United States. *Murray v. United States,* 686 F.2d 1320 (8th Cir.1982); *Aqua Bar & Lounge, Inc. v. United States,* 539 F.2d 935 (3rd Cir.1976).

However, "§ 2410 constitutes a waiver of sovereign immunity to a suit brought by a taxpayer against the United States which challenges the validity of a federal tax lien and sale so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself." *Aqua Bar,* at 939–40.[1] It furthermore has been held that inquiry into possible procedural defects of the lien is not prohibited; i.e., a district court has jurisdiction under § 2410 to hear challenges to the procedural integrity of a lien without running afoul of the prohibition against hearing attacks on the "merits" of an assessment. *Robinson v. United States,* 920 F.2d at 1161 (3rd Cir.1990).

■ Furthermore, the Court holds that this jurisdiction remains even after, as here, the government has already seized and sold the subject property to a third party. *Popp v. Eberlein,* 409 F.2d 309 (7th Cir.), *cert. denied,* 396 U.S. 909, 90 S.Ct. 222, 24 L.Ed.2d 185 (1969); *Little River Farms, Inc. v. United States,* 328 F.Supp. 476 (N.D.Ga. 1971).

■ Plaintiff Freedom Mission ("the church") claims that it was not properly mailed a notice of deficiency (a "ninety day letter") by the IRS, which if proved, would be a procedural defect properly addressed in this forum. The Court finds that it has jurisdiction to hear the quiet title aspects of this case pursuant to 28 U.S.C. § 2410. The United States' arguments to the contrary are not persuasive.

## II.

The Court now considers the merits of the government's contention that partial summary judgment should be entered against the church on the quiet title claim.

Summary judgment is appropriate only when the district court determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Furthermore, "a motion for summary judgment must be viewed in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences to be drawn from the underlying facts." *Ivan Spencer v. Kroger Company,* 941 F.2d 699 (8th Cir.1991), *citing Agristor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987).

■ In the instant case, the church claims that the IRS did not meet the requirement of 26 U.S.C. § 6212 to send a notice of tax deficiency to the taxpayer's "last known address," which is a prerequisite to making an assessment. This notice of deficiency, "sometimes called a 'ninety day' letter, is the taxpayers' 'ticket to the Tax Court' to litigate the merits of the deficiency determination...." *Robinson,* 920 F.2d at 1158. In fact, a ninety day letter "is a jurisdictional prerequisite to a suit in [Tax Court]." *Laing v. United States,* 423 U.S. 161, 165 n. 4, 96 S.Ct. 473, 477 n. 4, 46 L.Ed.2d 416 (1976). "Until ninety days have passed, the IRS can neither make an assessment nor utilize Court

---

1. Section 2410 of Title 28 United States Code, provides, in pertinent part:
   [T]he United States may be named a party in any civil action or suit in any district court ...

(1) to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien.

procedures for collection." *Robinson,* at 1158.

The term "last known address:"

is not defined in either the statutes or the regulations; its definition has instead been accomplished by a substantial body of case law. Fundamentally, the term means "that address to which the IRS reasonably believes the taxpayer wishes the notice sent." *United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976) [other citations omitted] ... [T]he burden is on the taxpayer to provide "clear and concise" notice of his current address to the IRS; the IRS is otherwise entitled to rely on the address shown on the taxpayer's tax return for the year in question....

The IRS is, however, required to use "reasonable diligence" in attempting to ascertain the taxpayer's correct address. [citation omitted] The burden of proof is on the taxpayer to prove that this "reasonable diligence" was not exercised. [citation omitted]

Within these general principles, the "last known address" determination is a factual question to be resolved upon the facts and circumstances of each particular case. *McPartlin v. Commissioner,* 653 F.2d 1185, 1189 (7th Cir.1981); *O'Brien v. Commissioner,* 62 T.C. 543, 550 (1974).

*Cyclone Drilling, Inc. v. Kelley,* 769 F.2d 662, 664 (10th Cir.1985).

The property seized and sold by the IRS in the instant case is rural property in Van Buren County, Arkansas. Ninety day letters were sent to two addresses:

Van Buren County
    Clinton, AR 72031,
and 882 Hester Road
    Memphis, TN 38116

The government does not strongly deny that the letters were never received by the proper parties. Rather, it argues that it acted reasonably in sending the notices to the "last known addresses" of the church.

The Court believes that factual issues still remain with regard to several material matters. For example, "material questions exist as to what the various offices of the IRS knew or should have known relative to taxpayer's 'last known address' at certain critical times. The 'reasonable diligence' required of the IRS has not been adequately explored." *Cyclone Drilling,* 769 F.2d at 665.

It is apparently not disputed that at least some IRS agents knew that no one connected with the church was living at the 882 Hester Road address in Memphis.[2] This is because the IRS had already seized the home of David Ransom at the Hester Road address several weeks prior to the ninety day letters being sent out relating to the Van Buren County property. Ransom was one of the church elders and also one of the three people who owned the Van Buren County property before deeding it to the church.

The agent working on the case not only knew that no one connected with this case still lived at the Hester address, official forms[3] he filled out contained the new address of the Ransoms, 800 Craft Road, Memphis. Also, apparently the IRS Appeals Officer wrote to David Ransom at the new address. It is suggested in the pleadings that the IRS has regarded Ransom and the church to be one and the same. Thus, one could infer that for the IRS to send a notice to the church, they would send it to Ransom.

The United States has cited two cases for the proposition that this knowledge on the part of these individual IRS employees cannot be imputed to the division of the IRS that issued the notices of deficiency: *Guillen v. Barnes,* 819 F.2d 975 (10th Cir.1987); *United States v. Zolla,* 724 F.2d 808 (9th Cir.1984). Based on the record developed

---

**2.** The Court has inferred from the pleadings that at no time during or prior to the time notices of deficiencies were mailed out by the IRS was there a church building or office per se, that is, a location to which mail could be sent that was separate and apart from the home or office of one of the church's officers, elders, etc.

**3.** One was "Form 3031—Report of Investigation of Transferee Liability." Apparently, the basis for the assessment against the Van Buren County property was the IRS's allegation that the transfer of the property to the church by Ransom was part of an illegal plan to evade paying taxes.

thus far, the Court finds both to be readily distinguishable.

First of all, in *Guillen* the taxpayer was repeatedly giving the IRS false addresses. The only correct address the IRS had was on a W–4 form the taxpayer had supplied. That address was not entered in the IRS's computer system because of its policy that W–4 data was not reliable. In the instant case, there is no evidence that the IRS was ever given false addresses by anyone connected with the church.

In *Zolla,* the Ninth Circuit found that information "gained by a collector should not *necessarily* be imputed to the audit agents who mailed the notices of deficiency." *Zolla,* at 810–11 (emphasis added). However, the evidence currently before the Court indicates that the Form 3031 containing the corrected address was sent to the examination division, which according to the IRS officer deposed in this case, was the department which made the actual determination to assess the property. In fact, he seems to suggest that their decision to send the notices was based in part on his report and recommendation. Perhaps additional discovery and briefs will put into the record what the examination division knew, when did they know it, and whether the IRS agent was testifying correctly when he said that those people were the ones who made the decision to send out the notices of deficiency.

After viewing the factual evidence in the record at this point, and the permissible inferences therefrom, in the light most favorable to the non-moving parties, the Court concludes that material facts remain at issue. Accordingly, the Court will deny the United States' motion for summary judgment at this time.

IT IS SO ORDERED.