Arthur **SKIPWITH, Jr.,** and Amelia A. **Skipwith, Plaintiffs,**

v.

Gary **GOVER,** Angela Gover, and United States of America, **Defendants.**

Civ. A. No. 93–40108–NMG.

United States District Court, D. Massachusetts.

Nov. 29, 1994.

---

Mark A. Stull, Milstein, Meshel & Hurst, Edward Z. Pollock, Boston, MA, for plaintiff.

Merriann M. Panarella, N. Roland Savage, Andrew M. Cohen, Hale & Dorr, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Arthur and Amelia Skipwith ("the Skipwiths") brought this action against defendants, Angela and Gary Gover ("the Govers") and the United States, seeking to set aside a tax sale of their property on the grounds that the government failed to comply with certain statutory and procedural requirements.

Pending before this Court are the following motions:

1) motion of the United States to dismiss, or, alternatively, for summary judgment,

2) motion of the Govers for summary judgment, and

3) motion of the Skipwiths for summary judgment.

For the reasons stated below, the Court will allow the motions of defendants for summary judgment, and will deny the motion of the Skipwiths.

## I. BACKGROUND

The relevant facts are recited in the light most favorable to the Skipwiths. *O'Conner v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993).

In 1988, the Internal Revenue Service ("the IRS") assessed the Skipwiths with additional taxes of approximately $14,305 for tax year 1984 and approximately $1,500 for tax year 1985. The IRS served the Skipwiths with a Notice of Intention to Levy for the 1984 taxes on November 21, 1988, and a similar notice to levy for the 1985 taxes on January 23, 1989.

On February 24, 1992, the IRS levied upon all of the Skipwiths' property for the total amount due of $28,141.25 for the tax years 1984 and 1985.[1] In March, 1992, the IRS seized the Skipwiths' boat and sold it for $1,200. On June 16, 1992, after giving appropriate notice pursuant to 26 U.S.C. § 6335(a), the IRS seized the Skipwiths' residence located at 10 Greenwood Avenue in Shrewsbury, Massachusetts, ("the Property"), for nonpayment of taxes. That seizure, along with the subsequent sealed bid sale, is the subject of this action.

After the IRS seized the Property, the Skipwiths and the IRS, through its agent, Revenue Officer James Brennan ("Officer Brennan"), attempted to negotiate a settlement whereby the Skipwiths would be able to retain their residence. Those negotiations ultimately failed, however, and, the IRS proceeded with the tax foreclosure.

The IRS properly advertised the Property for sale in the Worcester Telegram & Gazette on September 6, 1992, and held a sealed bid sale on September 17, 1992. At that sale, the Govers, who were the only party bidding on the Property, submitted a bid for the minimum sale price of $29,296 (subject to two mortgages totalling $41,611). The IRS accepted their bid, and the Govers made a partial payment on the day of the sale.

The IRS advised the Skipwiths of their rights after the tax sale, but the Skipwiths chose not to exercise their right to redeem the Property. On October 28, 1992, the Govers received a Certificate of Sale of Seized Property, and, on March 18, 1993, they were granted a Quitclaim Deed to the Property. Although the government granted the deed to the Govers in March, 1993, the IRS apparently maintained a tax lien on the Skipwiths' former residence until at least February 22, 1994.

The Skipwiths initiated this action on May 17, 1993, to set aside the sale of the Property. They argue that the IRS did not comply with 26 U.S.C. § 6331(d) or Internal Revenue Manual 56(12)1.1, because the second Notice of Intention to Levy was delivered on January 23, 1989, prior to the seizure of their boat and more than three years before the seizure of their house. They claim that, after their boat was seized, both notices of intention to levy were extinguished and no other property was subject to seizure. According to the Skipwiths, the IRS was required to send out an additional notice expressing an intent to levy upon their residence.

The Skipwiths also argue that the government improperly depressed the bidding by informing Mr. Gover on the morning of the sealed bid sale that no one had yet submitted a bid to buy the subject property.[2] Officer Brennan and Mr. Gover, however, both deny such a conversation took place. The Skipwiths further allege that they failed to receive either the Seized Property Sale Report, IRS Form 2436, or the $708.94 surplus proceeds from the sale. Finally, they claim that the IRS improperly extended the time within which the Govers were allowed to tender the balance of the purchase price beyond the 30-day limit proscribed in 26 U.S.C. § 6335(e)(2) and (3).

## II. DISCUSSION

### A. Motion to Dismiss

◼ The government argues that this Court should dismiss this case for lack of jurisdiction and failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (6). In essence, the government contends that this Court lacks jurisdiction because the United States has not waived its sovereign immunity under 28 U.S.C. § 2410.

The government relies on a recent line of cases decided by the Ninth Circuit Court of Appeals which has held that:

> while a taxpayer may contest the procedural validity of a tax lien under [28 U.S.C.] § 2410, he may do so only if, at the

---

1. The IRS increased the original assessments to account for interest and other statutory additions.

2. The Skipwiths contend that the property was assessed for property taxes at $123,000. They allege that the total purchase price received through the tax sale was $70,880 (which includes the bid of $29,269 plus the mortgages of approximately $41,611). The government places a higher value on the mortgages and thus estimates the purchase price at $79,125.

time the action is commenced, the government still claims a lien or a mortgage on the property. If the government has sold the property prior to the filing of the suit, and no longer claims any interest in the property, § 2410 does not apply.

*Hughes v. United States,* 953 F.2d 531, 538 (9th Cir.1992); *see also Hansen v. United States,* 7 F.3d 137, 138, n. 1 (9th Cir.1993); *Farr v. United States,* 990 F.2d 451, 453 (9th Cir.1993). Because the government has, in this case, already transferred title to the Property to the Govers, it argues that § 2410 does not apply and this Court, therefore, does not have jurisdiction over the United States.

The law in this area is unsettled. The Third Circuit Court of Appeals has held that under § 2410 the government waives sovereign immunity even in cases where it has already transferred the subject property to a third party. *Aqua Bar & Lounge, Inc. v. Internal Revenue Service,* 539 F.2d 935, 939–40 (3d Cir.1976). Similarly, this United States District Court has ruled that "[s]ection 2410 deals with law suits in which the United States either claims a mortgage or lien in the property, or in which the plaintiff challenges the validity of the tax auction sale." *Lawrence v. Beaman,* 90–2 USTC ¶ 50,514 at ¶ 85,731 (n.5), 1990 WL 157523, at * 6 (D.Mass.1990); *See also Freedom Mission Church v. Green Bay Packaging, Inc.,* 816 F.Supp. 513 (E.D.Ark.1993).

There is another line of cases, however, that holds that the United States has not waived sovereign immunity in a suit challenging a tax sale if it has already transferred the subject property to a third party. *See Hughes,* 953 F.2d at 538; *Bay Savings Bank, F.S.B. v. I.R.S.,* 837 F.Supp. 150, 153 (E.D.Va.1993); *Erickson v. United States,* 780 F.Supp. 733 (W.D.Wash.1990).

The reasoning of the *Hughes* decision is persuasive because it appears to be founded on the unambiguous language of the statute. Nevertheless, this Court declines to choose between the two divergent lines of interpretation of § 2410 for two important reasons:

1) There is evidence that the government was still maintaining a tax lien on the Property at the time that the Skipwiths initiated this action. When confronted with an identical situation, the Ninth Circuit Court of Appeals recently declined to address the question of whether the government had waived its sovereign immunity. *Hansen,* 7 F.3d at 138–39, n. 1. That court, which, of course, was bound to follow *Hughes,* refused to decide the issue because the record did not "contain any evidence to show that the IRS, in addition to selling the property, no longer claim[ed] a mortgage or lien interest in the property." *Id.*

2) This Court is reluctant to rely upon a proposition of law that is not generally accepted to dispose of a case, especially where there are other, more compelling grounds on which to base its ruling.

## B. Motions for Summary Judgment

The defendants, the United States and the Govers, have moved for summary judgment. They argue that the Skipwiths have failed to present any evidence showing that either the seizure or the sale of the Property was invalid. In addition, the Skipwiths have filed a cross-motion for summary judgment.

### 1. Summary Judgment Standard

Summary Judgment shall be rendered where the pleadings, discovery on file and affidavits, if any, show "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the entire record in the light most favorable to the Skipwiths, the nonmoving party, and indulge all reasonable inferences in their favor. *O'Conner,* 994 F.2d at 907.

With respect to a motion for summary judgment, the burden is on the moving party to show that "there is an absence of evidence to support the non-moving party's case." *FDIC v. Municipality of Ponce,* 904 F.2d 740, 742 (1st Cir.1990), *quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If the movant satisfies that burden, it shifts to the nonmoving party to establish the existence of a genuine material issue. *Id.* In deciding whether a factual dispute is genuine, this

Court must determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera*, 957 F.2d 40, 41 (1st Cir.1992) (*citing Anderson*). The nonmovant's assertion of mere allegation or denial of the pleadings is insufficient on its own to establish a genuine issue of material fact. Fed.R.Civ.P. 56.

### 2. Defendants' Motions for Summary Judgment

In this case, the Court finds that the defendants have carried their burden of proving that there are no material facts in issue, and that the defendants are entitled to judgment as a matter of law.

■ The IRS must adhere to the strict statutory requirements governing the seizure and sale of a taxpayer's property. *Kulawy v. United States*, 917 F.2d 729, 735 (2d Cir. 1990). Where a taxpayer's allegations of a failure to comply with the notice requirements set forth in § 6335 are proven, the tax sale must be set aside. *Lawrence*, ¶ 50,514 USTC at ¶ 85,732, 1990 WL 157523, at * 6. The Skipwiths argue that here the IRS did not comply with those strict requirements and that the tax sale should, therefore, be set aside.

■ This Court concludes, however, that the government, in this case, did comply with the various requirements imposed by Congress. The record reflects that the Skipwiths received notice that their property was subject to seizure. They may have believed incorrectly that the notice applied only to their boat and other personal property, but the notice stated on its face that the government levied on *all* property and rights to property, "either real or personal, as may be necessary to pay the unpaid balance of assessment shown." IRS Form 668–B, June 2, 1992. The Internal Revenue Code does not require the IRS to send multiple notices to the taxpayer. *See Hansen*, 7 F.3d at 138

(holding that IRS Form 4340 is probative evidence that plaintiff had notice of tax sale). Indeed, there is no evidence or logic that can support the Skipwiths' belief that the notice of intent to levy for $28,141.25 was extinguished upon the seizure of a $1,500 boat.

■ In addition, there is no evidence to support the Skipwiths' mere allegations that the sealed bid sale was invalid. *See* Fed. R.Civ.P. 56(e) (an adverse party may not rest upon mere allegation to oppose a summary judgment motion). The Skipwiths allege (without support) that the IRS revealed to the Govers that no one else had bid on the Property, but both the IRS and the Govers deny that charge. Furthermore, even if the Court accepts the Skipwiths' allegations as true, section 6335 provides for a "public" sealed bid sale. 26 U.S.C. § 6335. Thus, any party was entitled to attend the sealed bid sale in this case and to witness the submission, or the non-submission, of bids.

■ The Skipwiths' remaining allegations also lack merit. Although the IRS claims that it sent a copy of the Seized Property Sale Report to them, the Skipwiths contend that they never received it. Even if they did not receive it, however, there is no statutory requirement compelling the IRS to send the Report to the taxpayers.[3] In addition, the Skipwiths complain of not receiving the surplus proceeds of $708.94 from the tax sale, but do not contend that they filed a claim for refund as required by tax regulations. They also seek to nullify the tax sale because the Govers paid the balance of the purchase price late, but the IRS properly exercised its discretion not to void the sale on account of that late payment. *See* 26 U.S.C. § 6335(e)(3) (stating that, if there is late payment, "in the *discretion* of the [IRS], the sale *may* be declared ... to be null and void" (emphasis added)). Finally, the Court finds that the purchase price was not so low as to "shock the conscience" of the Court and thereby provide grounds for setting aside the

---

**3.** The Internal Revenue Manual provides that the IRS should mail a copy of the Sale Report to the taxpayer, but, as the government correctly asserts, the Internal Revenue Manual is not manda-

tory and does *not* create a right of action for the plaintiff. *United States v. Horne*, 714 F.2d 206, 207 (1st Cir.1983).

sale. *See Ringer v. Basile,* 645 F.Supp. 1517 (D.Colo.1986).

### 3. Skipwiths' Motion for Summary Judgment

The Skipwiths have filed a cross-motion for summary judgment. They argue that this Court should set aside the tax sale of their property because the IRS did not comply with the relevant tax regulations. Because the Court finds that the IRS did, in fact, comply with those regulations, and because the Court will allow the defendants' motions for summary judgment, the Skipwiths' motion for summary judgment will be denied.

## III. CONCLUSION

Based on the facts recited in the light most favorable to the plaintiffs, the Court finds no evidence tending to show that the government violated the statutory requirements governing the seizure and sale of the Skipwiths' property. Moreover, even if there were some irregularities, they would be insufficient to support the Skipwiths' claim against the defendants. *See Lawrence,* ¶ 50514 USTC at ¶ 85,734, 1990 WL 157523, at * 6 (where plaintiff's actual knowledge of the tax sale estopped her from challenging the government's noncompliance with the notice requirements of 26 U.S.C. § 6335); *See also Howard v. Adle,* 538 F.Supp. 504 (E.D.Mich.1982). This Court, therefore, will allow the defendants' motions for summary judgment and deny the plaintiffs' motion for summary judgment.

### ORDER

For the foregoing reasons, the motion of defendant United States for summary judgment is **ALLOWED,** the motion of defendants Govers for summary judgment is **ALLOWED** and the motion of plaintiffs Skipwiths for summary judgment is **DENIED.**

So Ordered.