IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40388
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                      Plaintiff-Appellee,


versus

ERNESTO G. MORALEZ, JR.;
BERTHA H. MORALEZ,

                                      Defendants-Appellants.


- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CV-149
- - - - - - - - - - -
February 20, 1997

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Ernesto and Bertha Moralez appeal the district court's

judgment for the Government following bench trial awarding the

Government possession of the Moralezes' property after a forced

sale of their property to the Government as partial payment of

the tax assessment owed by the Moralezes.  The Moralezes argue

for the first time on appeal that they did not receive proper

service of the notice of sale of their property as directed by 26

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

U.S.C. § 6335. This issue is reviewed for plain error. <u>See</u> <u>Highlands Ins. Co. v. National Union Fire Ins. Co.</u>, 27 F.3d 1027, 1031-32 (5th Cir. 1994).

The Government's action of leaving the notice of public auction sale at the Moralezes residence, the property in question, complies with the requirements of § 6335(a) and (b). 26 U.S.C. § 6335(a) & (b); <u>see also</u> <u>Reece v. Scoggins</u>, 506 F.2d 967, 970-71 (5th Cir. 1975). Also, the Government was not required to send the seized property sale report to the Moralezes after the sale, despite the Moralezes' contention at trial that the Government should have hand-delivered the document to them. <u>Skipwith v. Gover</u>, 868 F. Supp. 400, 404 & n.3 (D. Mass. 1994).

Because the Moralezes' argument of error is wholly without merit, their appeal is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.

We caution the Moralezes that any additional frivolous appeals filed by them or on their behalf will invite the imposition of sanctions. To avoid sanctions, the Moralezes are further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED. SANCTION WARNING GIVEN.