Filed:  September 11, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 96-1195
(CA-92-93-4-H)

United States of America,

Plaintiff - Appellee,

versus

Asa G. Swanner, Jr., et al,

Claimants - Appellants.

O R D E R

The Court amends its opinion filed August 29, 1997, as follows:

On page 6, first paragraph of opinion text, line 1 -- the words "proprietor or" are corrected to read "proprietor of."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

ASA G. SWANNER, JR.; LINDA F.
SWANNER,
Claimants-Appellants,

and

$92,762.34IN UNITED STATES CURRENCY;
VEHICLE VIN #1C2XJ5538LG485466,
1990 CHRYSLER LEBARON CONVERTIBLE
AUTOMOBILE, with all appurtenances and
attachments thereon; VEHICLE VIN
#1G6CD5185H4259884, 1987 CADILLAC
SEDAN DEVILLE AUTOMOBILE, with all

appurtenances and attachments thereon;
TRACT 1 PITT COUNTY LAND, Real
property with buildings, appurtenances,
and improvements thereto, being more
particularly described as follows: One
Tract of Real Property, Pactolus
Township, Pitt County, NC, Deed
Recorded at Book 262, Page 170 of the
Pitt County Registry, Being Titled in
the name of A. G. Swanner, Jr., and
wife, Linda F. Swanner; TRACT 2 PITT
COUNTY LAND, One Tract of Real
Property, Pactolus Township, Pitt
County, NC, Deed Recorded at Book
291, Page 134 of the Pitt County

No. 96-1195

Registry, being Titled in the names of A. G. Swanner; TRACT 3 BEAUFORT COUNTY LAND, One Tract of Real Property, Long Acre Township, Beaufort Township, NC, Deed Recorded at Book 843, Page 171 of the Beaufort County Registry, being titled in the names of A. G. Swanner and wife, Linda F. Swanner; TRACT 4 BEAUFORT COUNTY LAND, One Tract of Real Property, Long Acre Township, Beaufort County, NC, Deed Recorded at Book 860, Page 222 of the Beaufort County Registry being titled in the names of A. G. Swanner and wife, Linda F. Swanner; TRACT 5 BEAUFORT COUNTY LAND, One Tract of Real Property, Long Acre Township Beaufort County, NC, Deed, Recorded at Book 884, Page 294 of Beaufort County Registry, being titled in the names of A. G. Swanner and wife, Linda F. Swanner; TRACT 6 BEAUFORT COUNTY LAND, One Tract of Real Property in Richland Township, Beaufort County, NC, Deed Recorded at Book 885, Page 164 of the Beaufort County Registry, being titled in the names of Asa G. Swanner and wife, Linda Swanner; TRACT 7 BEAUFORT COUNTY LAND, One Tract of Real Property in the City of Washington, Beaufort County, NC, Deed Recorded at Book 922, Page 596

of the Beaufort County Registry, Being Titled in the names of Asa G. Swanner, Jr. and wife, Linda F. Swanner; CHECK 30016070 HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OFFICIAL CHECK, in the amount of $1,796.90 made payable to the Internal Revenue Service, said checks representing the proceeds seized by the IRS/CID in Account Nos. 3020014033, 3020013736, and 3020013728 at Home Federal Savings and Loan Association; CHECK 30016071 HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OFFICIAL CHECK, in the amount of $1,829.25 made payable to the Internal Revenue Service, said checks representing the proceeds seized by the IRS/CID in Account Nos. 3020014033, 3020013736, and 3020013728 at Home Federal Savings and Loan Association; CHECK 30016069 HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OFFICIAL CHECK, in the amount of $575.28 made payable to the Internal Revenue Service, said checks representing the proceeds seized by the IRS/CID in Account Nos. 3020014033, 3020013736 and 3020013728 at Home Federal Savings and Loan Association; CHECK 2512-2388 WACHOVIA BANK AND TRUST OFFICIAL CHECK, in the amount of $7,553.04 made payable to the Internal Revenue Service, said check representing proceeds seized by the

3

IRS/CID in Account Nos. 8228-088225, 8228-6434427, 8227-062414 and 8821-746532 at Wachovia Bank and Trust; CHECK 01187601 FIRST CITIZENS BANK CASHIER'S CHECK, in the amount of $1,454.53 made payable to the IRS, said check representing the proceeds seized by the IRS/CID in Account No. 440-1122173 at First Citizens Bank; CHECK 26453-51 NATIONS BANK OFFICIAL CHECK, in the amount of $67,477.69 made payable to the regional commissioner of the IRS, said check representing the proceeds seized by the IRS/CID in Account Nos. 02700-005-91948-37, 02700-005-9195254, 02700-005-9410945, 02700-16-4257651, 02700-016-9194586, 02700-016-9195252, 277275129, 277275137, 273241760 and 273389619 at Nations Bank, all of the above Certificate of Deposits and/or bank accounts were held in the names of Asa G. Swanner, Jr., Linda Faye Swanner, Asa Renee Swanner, Heather F. Swanner, Blackbeard's Restaurant and Lounge and/or The Rebel Lounge and Tavern; TRACT 8 BEAUFORT COUNTY LAND, One Tract of Real Property in the City of Washington, Beaufort County, NC, Deed recorded at Book 943, Page 696 of the Beaufort County Registry, being titled in the Names of Asa G. Swanner, Jr., and wife, Linda F. Swanner, and any and all proceeds from the sale of

4

said properties; TRACT 9 BEAUFORT COUNTY LAND, One Tract of Real Property in the City of Washington, Beaufort County, NC, Deed Recorded at Book 943, Page 696 of the Beaufort County Registry, being titled in the names of Asa G. Swanner, Jr., and wife, Linda F. Swanner, and any and all proceeds from the sale of said properties; WACHOVIA BANK OF NORTH CAROLINA, N.A.,
<u>Defendants,</u>

NATIONSBANK OF NORTH CAROLINA, N.A.; HEATHER F. SWANNER; ASA RENEE SWANNER,
<u>Claimants.</u>

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Fox, Chief District Judge. (CA-92-93-4-H)

Argued: June 2, 1997

Decided: August 29, 1997

Before MURNAGHAN and LUTTIG, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

5

**COUNSEL**

**ARGUED:** Rudolph Alexander Ashton, III, SUMRELL, SUGG, CARMICHAEL & ASHTON, P.A., New Bern, North Carolina, for Appellants. Stephen Aubrey West, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Christopher L. Griffith, SUMRELL, SUGG, CARMICHAEL & ASHTON, P.A., New Bern, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Asa G. Swanner, Jr. was the proprietor of a five million dollar a year gambling business. He was criminally charged with conspiracy to conduct a gambling operation and also had a civil forfeiture action filed against some of the property owned by him and his wife. The Swanners, their attorneys, and the government entered into a written agreement to settle the civil forfeiture action and Mr. Swanner reached a plea agreement in the criminal action. In one provision of the civil settlement, the government agreed to

> [d]ismiss all civil and criminal forfeiture actions regarding the remaining defendant properties in this action and the related criminal action, and to seek no additional civil or criminal forfeiture against these properties based on the facts which form the basis for this civil forfeiture proceeding and the related indictment.

A footnote to this provision added:

6

The agreement not to seek additional civil or criminal forfeitures against the defendant properties that are released, pursuant to the terms of this agreement, is limited to the Eastern District of North Carolina, and in no way binds the actions of other federal agencies in this district or others that are unrelated to these forfeiture proceedings, to specifically include the Internal Revenue Service, if any.

When the Internal Revenue Service filed liens against some of the properties for unpaid taxes, the Swanners filed a motion in the forfeiture action alleging a breach of the settlement and plea agreements and seeking an order preventing the Internal Revenue Service from pursuing the liens. The district court denied relief on three grounds, finding: (1) that the Swanners' failure to pay taxes was separate and distinct from operation of the gambling business, (2) that enforcement of tax liens is not a criminal forfeiture, and (3) that, additionally, the Internal Revenue Service had been specifically excluded from the operative provision of the settlement agreement.

On appeal, the United States raises for the first time the jurisdictional bar of the Anti-Injunction statute, 26 U.S.C. § 7421, which prohibits the maintenance of suits "for the purpose of restraining the assessment or collection of any tax." While the statute bars a suit challenging the collection and assessment of taxes, it has been held not to bar "a suit to remove a lien without questioning the entitlement of the government to collect the taxes in some other way." Harrell v. United States, 13 F.3d 232, 233 (7th Cir. 1993) (citing Robinson v. United States, 920 F.2d 1157, 1159-61 (3d Cir. 1990), and In re Estate of Johnson, 836 F.2d 940, 948 (5th Cir. 1988)).

Insofar as the relief sought by the Swanner's* may be read to question whether they owed unpaid taxes and penalties, the Anti-Injunction Act applies since the proper remedy would have been to pay the questioned amount and bring a suit for a refund. Insofar as the relief may be understood as a simple request to declare the liens invalid because of agreements in Mr. Swanner's plea agreement and

_____

* The relief prayed in the motion was to enjoin the government from any further "forfeiture and seizure" of the Swanners' property and to "withdraw" any notices of liens filed on the subject property.

in the civil forfeiture settlement agreement, we agree with each of the district court's findings and affirm on the reasoning expressed in that court's written opinion, <u>United States v. $92,762.34 in U.S. Currency</u>, No. 92-93-CIV-4-F (E.D.N.C. Jan. 16, 1996).

<u>AFFIRMED</u>

8