**Darlene P. GUILLEN,**
**Plaintiff-Appellant,**

v.

**Robert E. BARNES, Revenue Officer,**
**Defendant-Appellee,**

**United States of America, Internal Revenue Service, Commissioner of Internal Revenue, and Love Envelopes, Inc., a corporation, Defendants.**

No. 85–1773.

United States Court of Appeals,
Tenth Circuit.

June 3, 1987.

Robert A. Flynn, Claremore, Okl., for plaintiff-appellant.

Roger M. Olsen, Acting Asst. Atty. Gen., Michael L. Paup, Robert A. Bernstein, Thomas R. Lamons, Attorneys, Tax Div., Dept. of Justice, Washington, D.C.; of counsel, Layn R. Phillips, U.S. Atty., Tulsa, Okl., for defendant-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

---

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 34.1.8(c) and 27.-1.2. The cause is therefore ordered submitted without oral argument.

Plaintiff, Darlene P. Guillen, brought this suit for damages in the United States District Court for the Northern District of Oklahoma against Revenue Officer Robert E. Barnes, alleging that his conduct in authorizing and refusing to release a levy upon her wages in connection with a tax deficiency violated her constitutional due process rights, defamed and libeled her character and reputation, and intentionally inflicted emotional distress.[1] After a trial to a jury, Barnes moved for a directed verdict. The court granted his motion, and Guillen has appealed.[2]

The tax deficiencies that formed the basis for the levy on Guillen's wages were assessed in connection with her 1980 and 1981 federal income tax returns, and a W-4 form she filed in 1982. On her 1980 return Guillen gave a false address and false social security number, and altered the W-2 form to understate her income. Guillen signed this return, and the Internal Revenue Service (IRS) entered the address information in its computer system in the belief that it was accurate. In 1981, Guillen filed her return without signature, again understating her income and reporting a different, also false, address. Recognizing the new address as that of a tax protester organization, and based on its

experience that taxpayer mail sent to such organizations would not be forwarded to the taxpayer, the IRS did not replace the former address information that it still believed to be accurate.

In 1982, Guillen submitted a W-4 withholding allowance certificate falsely claiming to be exempt from withholding. In response the IRS notified Guillen, at the correct residence address given on the W-4 form, that a $500 penalty would be assessed for providing false information with regard to withholding, which would be included in her 1981 income tax liability. The IRS did not enter the W-4 address information in its computer system as Guillen's address, based on its general policy and experience that W-4 information is unreliable as a source of permanent address information.[3]

On May 4 and May 18, 1983, respectively, the IRS mailed 90-day deficiency notices with respect to 1980 and 1981 tax liabilities to Guillen at the false address she had provided on the 1980 tax return. Each notice was returned as undeliverable. After the expiration of the 90-day periods, tax liabilities were assessed. In accordance with its established procedures, the IRS sent collection letters to Guillen in care of her then employer, Love Envelopes, on September 26 and October 24, 1983. Guillen responded in unsigned letters dated September 27 and October 27, 1983, disagreeing with the assessment. In the September 27, 1983 letter Guillen provided a correct address, for the first time other than in connection with her W-4 form, and for the first time identified it as a change of address. In response to this letter, the

1. Guillen originally sought injunctive relief and asserted claims against the United States, the Internal Revenue Service, the Commissioner of Internal Revenue, and Love Envelopes, Inc., the employer whose payment of wages to Guillen was subjected to levy. Guillen has not appealed the district court's grant of summary judgment in favor of those defendants.

2. The court's written order and judgment is dated and file-stamped March 22, 1985. Guillen filed a notice of appeal to this court on May 22, 1985. Barnes argues that we lack jurisdiction because Guillen filed her notice of appeal sixty-one days after the district court's written order

and judgment was filed. *See Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 267–72, 98 S.Ct. 556, 562–65, 54 L.Ed.2d 521 (1978). But the district court docket sheet reveals that the district court's order was actually entered on March 25, 1985. It was on that basis that we denied Barnes' motion to dismiss the appeal and consider Guillen's appeal as timely filed.

3. Guillen also listed this address as the return address for an unsigned letter to the IRS in March 1983, protesting the W-4 penalty assessment.

IRS updated its permanent address information for Guillen.

A final collection letter was sent to Guillen at her correct address on November 2, 1983. Guillen again protested the assessment in a letter dated November 7, 1983; her attorney reiterated her opposition, stating that she had never received the statutory notice of deficiency, in a final letter dated November 22, 1983. Defendant Barnes reviewed the first of these letters, and reviewed and signed a notice of levy to be served on Guillen's employer. Barnes' group manager, Homer Walker, reviewed the final letter and, concluding that the letter was inadequate to indicate that the assessment was invalid, instructed that the levy not be released. Finally, on November 28–29, 1983, $151.19 was withheld from Guillen's wages in accordance with the levy signed by Barnes.

We state the uncontested factual history of this case in such detail to indicate the baseless nature of Guillen's original complaint in the district court and the frivolity of her further pursuit of this appeal. There is no showing in this case of any constitutional deprivation, nor any indication that Barnes was not acting in good faith.

■ The IRS must timely mail a deficiency notice to the taxpayer's last known address; it is not a requirement that the taxpayer actually receive that notice. *See United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *see also United States v. Ahrens,* 530 F.2d 781 (8th Cir.1976). A taxpayer's last known address is " 'that address to which the IRS reasonably believes the taxpayer wishes the notice sent.' " *Cyclone Drilling, Inc. v. Kelley,* 769 F.2d 662, 664 (10th Cir.1985). "In recognition of obvious nationwide administrative realities, the burden is on the taxpayer to provide 'clear and concise' notice of his current address to the IRS; the IRS is otherwise entitled to rely on the address shown on the taxpayer's

tax return for the year in question. 'Clear and concise' notice is notice by which the taxpayer indicates to the IRS that he wishes the new address to *replace* all old addresses in subsequent communication."

*Id.* (emphasis in original) (citations omitted); *see also Zolla,* 724 F.2d at 810–11.

■ We hold that the IRS acted reasonably in ignoring the post office box address of a known tax protester organization given on Guillen's 1981 tax return as a new address for Guillen. As to the address given on the W–4 form and Guillen's other correspondence, it ignores administrative realities to impute knowledge of an address change to the division of the IRS that issued the deficiency notice, based on information received in another IRS division that was not identified as new permanent address information. *Cf. Tadros v. Commissioner,* 763 F.2d 89, 92 (2d Cir.1985). We agree with the district court's conclusion:

"[U]nder the facts and circumstances herein the 90–day deficiency notices were properly mailed to the plaintiff's last known address. Any confusion herein relative to the plaintiff's last known address resulted from the conduct of the plaintiff herself and not from the conduct of any representative of the Internal Revenue Service. The record is clear the IRS intended for the plaintiff to be mailed a 90–day deficiency notice at the plaintiff's last known address, such notices were mailed, and the plaintiff's constitutional rights have not been violated in this regard."

R. I, Doc. 60 at 5.[4]

Guillen presented no evidence to suggest that Barnes' conduct at any point in the series of events we examine here was in violation of Guillen's constitutional rights or the IRS' established procedures as reviewed and approved by the courts. Barnes therefore is shielded from liability for civil damages based on that conduct. *See Harlow v. Fitzgerald,* 457 U.S. 800,

---

**4.** We also note that, insofar as the assessment and actual levy included the $500 penalty for providing false W–4 information, no prior defi-

ciency notice was required. *See Souther v. Mihlbachler,* 701 F.2d 131, 132 (10th Cir.1983).

818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

AFFIRMED.