937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lech E. BORYSIAK and Marion K. Borysiak, Petitioners/Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent/Appellee.
 No. 90-2617.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 2, 1991.*
Decided July 11, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judge.
 
 ORDER
 
 1
 The petitioners, Mr. and Mrs. Borysiak, are appealing from a ruling of the Tax Court dismissing their challenge to a tax deficiency assessment for lack of jurisdiction. Because the petitioners did not file their objections in the Tax Court within the time period required by the statute as a jurisdictional prerequisite, we affirm the Tax Court's order dismissing their case.
 
 FACTS
 
 2
 On November 5, 1987 the Internal Revenue Service sent a notice of deficiency by certified mail to the petitioners. The notice was addressed to 17585 Juday Lake Drive, South Bend, Indiana. The petitioners admit that they have resided at the Juday Lake Drive address continuously since 1965. When it sent the notice of deficiency, the IRS received Postal Service Form 3877, certification that the post office accepted a certified letter for delivery. The IRS official mailing the notice delivered it to an Indianapolis post office. The Form 3877 evidencing acceptance of the letter bears a post office stamp dated November 5, 1987.
 
 
 3
 The notice of deficiency contained a summary of the taxes the Commissioner asserts the petitioners owed and an explanation that any objections need be filed within 90 days from the mailing date of the notice. No objections were filed within 90 days of mailing and subsequently the IRS assessed the taxes and demanded payment in March, 1988. The petitioners responded to the assessment by claiming they had never received notice of the deficiency and requested a copy of the notice. A second copy of the notice form was mailed and received by petitioners on September 24, 1988.
 
 
 4
 On December 22, 1988, the petitioners filed a pro se petition in the Tax Court for a redetermination of their tax liabilities. The petition conceded that the notice of deficiency had been accepted by the Postal Service on November 5, 1987; their sole contention was that they had never received the notice of deficiency and that they had therefore not received proper notice, as required by the Tax Code. In support of their contention, the petitioners included a photocopy of Form 3877, with the additional notation "no record of delivery", dated September 14, 1987.
 
 
 5
 The IRS moved to dismiss the petition for lack of jurisdiction because it had not been filed within the 90-day period required by the statute. After a hearing, the Tax Court judge granted the IRS's motion to dismiss, reasoning that Form 3877 provided evidence that the notice of deficiency was delivered to the Postal Service on November 5, 1987 for mailing by certified mail to the petitioners' correct address. The judge concluded that the IRS had thus met its statutory obligation and that the 90-day objection period began to run on November 5, 1987, ruling that receipt by the petitioners was not statutorily required. The petitioners then filed an appeal with this court.
 
 ANALYSIS
 
 6
 The petitioners claim that they did not receive "proper notice" as required by the Tax Code because they never received the November 5 notice of deficiency. The respondents contend that their notice obligations are satisfied when they deliver the notice to the Post Office, to be delivered by either certified or registered mail. The statute requires that if the IRS determines a payment deficiency exists, it shall send a "notice of such deficiency to the taxpayer by certified mail or registered mail." 26 U.S.C. Sec. 6212. It also requires that the notice be mailed to the taxpayer's "last known address". 26 U.S.C. Sec. 6212(b)(1); Goulding v. United States, slip op. at 3 (April 8, 1991 7th Cir.). Petitions for redetermination of deficiency must be filed with the Tax Court "within 90 days ... after the notice of deficiency authorized in section 6212 is mailed...." 26 U.S.C. Sec. 6213. Thus, we have observed that the purpose of the mailing of the notice is both to afford the taxpayer notice of any deficiency claimed by the IRS and to allow the taxpayer to object to the assessment without first having to pay the deficiency. See McPartlin v. Comm'r, 653 F.2d 1185, 1189 (7th Cir.1981).
 
 
 7
 The petitioners argue that the 90-day period for filing a petition for redetermination of deficiency did not begin to run until they actually received the deficiency notice. However, there is nothing in the statutory language that requires actual notice. In fact, we have held that the 90-day period commences on the date the deficiency notice is mailed, irrespective of the date of actual receipt by the taxpayer. Rappaport v. United States, 583 F.2d 298, 301 (7th Cir.1978); Lewin v. Comm'r, 569 F.2d 444, 447 (7th Cir.1978). See also, Goulding v. United States, 726 F.2d 707, 710 (N.D.Ill.1989) (quoting, Tadros v. Comm'r, 763 F.2d 89, 91 (2d Cir.1985)); Guillen v. Barnes, 819 F.2d 975, 977 (10th Cir.1987). Rather, the statute deems that the taxpayers are afforded constructive notice upon the IRS's mailing of a deficiency notice by certified or registered mail.
 
 
 8
 The petitioners have conceded that the IRS sent notice by certified mail to their last known (and current) address on November 5, 1987. The 90-day period for objection began to run on that day. The petitioners clearly did not file their objections with the Tax Court within 90 days of November 5, 1987. Therefore, they did not satisfy the jurisdictional prerequisite of the Tax Code and may not pursue their objections in that forum.
 
 
 9
 While the petitioners claim that this jurisdictional bar violates their due process rights, such a claim is unfounded. The petitioners retain the option of paying the deficiency assessed and filing a refund claim in federal district court. See Lewin, 569 F.2d at 445. They have lost only access to the Tax Court and not all avenues of pursuing their claim.
 
 
 10
 The decisions of the Tax Court dismissing the petitioners' objections for lack of jurisdiction is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs