BRUNSWICK CORPORATION AND SUBSIDIARIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brunswick Corp. v. Commissioner
Docket No. 37357-87
United States Tax Court
T.C. Memo 1993-76; 1993 Tax Ct. Memo LEXIS 77; 65 T.C.M. (CCH) 2004; March 8, 1993, Filed *77 For petitioner: Wayne S. Kaplan and Barry Alan Van Dyke. For respondent: Beth L. Williams and Pamela V. Gibson. TANNENWALD
TANNENWALD
SUPPLEMENTAL MEMORANDUM OPINION TANNENWALD, Judge: Petitioner has filed a motion for partial reconsideration of opinion in that the Court should consider and spell out its views on petitioner's alternative methods of allocation referred to in the penultimate paragraph of the Court's opinion, Brunswick Corp. v. Commissioner, 100 T.C.    ,     (Jan. 11, 1993) (slip op. at 18). We deny petitioner's motion. Petitioner is mistaken in its view that our opinion simply made a choice between the two primary positions of the parties and that therefore it was incumbent upon the Court to make a further choice between respondent's method of allocation and the alternative methods advanced by petitioner. In rejecting petitioner's primary position, we concluded that respondent's method of allocation was the correct application of the statutory provision. Thus, we not only made a choice but decided what the law decreed. Moreover, our opinion reflects that we did not ignore petitioner's alternative methods of allocation but rather considered them *78 and concluded that they did not have sufficient substance to cast doubt on our conclusion as to the mandate of section 902(c)(1) of the Internal Revenue Code. See id. Consequently, as we pointed out, any detailed consideration of petitioner's alternative methods became unnecessary. Under such circumstances, we did not, and do not, believe it was incumbent upon us to explore, in law review style, all the nooks and crannies of petitioner's arguments. Petitioner has overstated the Court's position in respect of reliance on respondent's revenue rulings. Our opinion does not present Rev. Rul. 74-550, 1974-2 C.B. 209, as authority for the conclusion we reached. It does no more than refer to the revenue ruling in the context of the legislative history of the statutory provision as an aid in determining congressional intent. Moreover, our opinion did not state, as petitioner asserts, that Congress "endorsed" the revenue ruling; it merely said that Congress "proceeded on the assumption" that the ruling accorded with present law. Brunswick Corp. v. Commissioner, 100 T.C. at     (slip op. at 13). Similarly, petitioner overstates *79 our reference to the discretion granted to the Secretary of the Treasury contained in section 902(c)(1). Our opinion refers to such discretion as simply constituting an element in determining legislative intent and is a far cry from blessing any open-ended discretion on the part of the Secretary or the respondent as his agent. Other arguments advanced by petitioner in its motion are simply repetitive of the arguments made in its briefs and given full consideration by the Court. An appropriate order will be issued.