T.C. Memo. 1998-380

UNITED STATES TAX COURT


KEITH K. STROUPE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21614-97.                    Filed October 22, 1998.


John L. Brennan and John C. King, for petitioner.

James E. Cannon and Richard Fultz, for respondent.


MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This case is before the Court on the parties' cross motions to dismiss for lack of jurisdiction.  Petitioner's motion is premised on the ground that respondent failed to send a valid notice of deficiency to petitioner at his last known address.  Respondent's motion is premised on the ground that petitioner failed to file a timely petition in response to a valid notice.  Because the jurisdiction of this Court is limited by statute and attaches only upon the issuance of a valid notice of deficiency and the timely filing of a petition, this case must be dismissed for lack of jurisdiction. The only question is on whose motion it will be dismissed.  Where jurisdiction is lacking because of the Commissioner's failure to issue a valid notice of deficiency, we dismiss on that ground, rather than on the ground that the taxpayer failed to file a timely petition.  Shelton v. Commissioner, 63 T.C. 193 (1974); O'Brien v. Commissioner, 62 T.C. 543, 548 (1974); Heaberlin v. Commissioner, 34 T.C. 58, 59 (1960); see Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999 (1978) (the Court has jurisdiction to decide issues regarding its jurisdiction).

Background

Petitioner resided in Wichita, Kansas, at the time that his petition was filed in this case.

Respondent initiated an examination of petitioner's taxable years 1987 through 1992 in April 1993.  Respondent attempted to contact petitioner in that regard by letter dated December 15, 1993.  This letter was mailed to petitioner at 2254 Ptarmigan Lane, Colorado Springs, CO  80918-1410 (the Colorado Springs Address).  The letter was returned to respondent by the Postal Service on January 6, 1994, bearing the notation "forwarding order expired".

At the time that respondent sent the letter dated December 15, 1993, the Federal income tax return most recently filed by petitioner was for the taxable year 1986.  That return listed the Colorado Springs Address.

On January 11, 1994, respondent made another attempt to contact petitioner.  In this regard, respondent mailed a letter to petitioner at 16185 N. County Road, Nathrop, CO  81236-9703 (the Nathrop Address).[2]  The Nathrop Address was the address of petitioner's parents.  This letter was returned to respondent by the Postal Service on January 14, 1994, bearing the notation "returned to sender".  Apparently, petitioner's parents returned all mail addressed to their son.

---

[2]  At the same time, respondent also mailed another copy of this letter to an address that appears to be a variation of the Nathrop Address; i.e., 16185 County 162 Rd, Nathrop, CO  81236. This letter was returned to respondent by the Postal Service bearing the notations "returned to sender" and "attempted, not known".

Respondent mailed petitioner a 30-day letter on February 1, 1994. The 30-day letter was mailed to 5808 Franklin St., Denver, CO 80216 (the Denver Address). It is not clear where respondent obtained this address. Regardless, the letter was returned to respondent by the Postal Service bearing the notations "no forward order on file", "unable to forward", and "returned to sender".

In addition, respondent sent five different Forms 4759 (Address Information Request) to the postmasters in Denver, Colorado, Nathrop, Colorado, and Colorado Springs, Colorado, to verify five possible addresses of petitioner. None of the possible addresses were confirmed as petitioner's then current address. Respondent also contacted petitioner's parents to ascertain petitioner's correct address. Petitioner's parents informed respondent that they did not have such information.

Apparently, petitioner moved to a new address, 2200 S. Rock Road, Apt. 1016, Wichita, Kansas 67207 (the Kansas Address) sometime in 1993 or 1994. Petitioner did not file Form 8822 (Change of Address) to inform respondent of a new address. Further, by August 1994, petitioner had not filed another tax return, and the 1986 return remained as petitioner's most recently filed return.

By notice dated August 24, 1994, respondent's district office in Denver, Colorado, determined deficiencies in, and

additions to, petitioner's Federal income taxes for the taxable years 1988 and 1989 as follows:

| | | Additions to Tax | |
|------|------------|-----------------|-----------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1988 | $39,748 | $9,937 | $2,543 |
| 1989 | 4,120 | 1,030 | 277 |

Respondent mailed a copy of the notice of deficiency to three addresses, namely, the Colorado Springs Address, the Nathrop Address, and a third address, 4910 Granby Circle, Colorado Springs, CO 80919 (the Second Colorado Springs Address). Respondent had not previously mailed any correspondence to petitioner at the Second Colorado Springs Address, but had obtained such address using Form 3242 (Request for Information from Employer). Respondent received this form back from the employer in February 1994. The Second Colorado Springs Address was the address last used by petitioner with this employer.

Each of the envelopes bearing a copy of the notice of deficiency was returned to respondent by the Postal Service. The following notations appeared on the various envelopes: For the Colorado Springs Address, "addressee not known" and "does not live here anymore"; for the Nathrop Address, "attempted, not known; no such number; insufficient address"; and for the Second Colorado Springs Address, "addressee not known".

For each of the years 1987 through 1994, petitioner filed Forms 4868 (Application for Automatic Extension of Time to File

U.S. Individual Tax Return). There is no evidence as to what addresses, if any, were listed on the Forms 4868 so filed. Further, no remittance accompanied any of the Forms 4868.

Petitioner filed his extension requests with respondent's various service centers and district offices as follows:

| Year | Location Where Form 4868 Was Filed |
|------|-------------------------------------|
| 1987 | Ogden, Utah |
| 1988 | Ogden, Utah |
| 1989 | Omaha, Nebraska, district office |
| 1990 | Helena, Montana, district office |
| 1991 | Ogden, Utah, service center |
| 1992 | Austin, Texas, service center |
| 1993 | Austin, Texas, service center |
| 1994 | Oklahoma City, Oklahoma, district office |

Respondent's internal procedures regarding requests for extensions mandate the following:

(1) At the time a service center receives a Form 4868, the Social Security number is matched against the taxpayer's name;

(2) a computer entry is made noting receipt of the request for extension;

(3) no other information is entered into the computer, unless a remittance accompanies the request. Specifically, no entry or change is made if the address on the request for extension form is different from the taxpayer's address on file. A taxpayer's signature need not accompany the request. The request may therefore be filed by a return preparer without the taxpayer's knowledge. Hence, as a matter of policy, respondent

does not enter any address information received in this manner on any of his databases; and

(4) if no remittance accompanies the request, the request is filed and subsequently destroyed by respondent 1 year after the end of the processing year.

See Internal Revenue Manual sec. 512(12)(2)(g); Internal Revenue Manual Handbook, sec. 1(15)59.26 at par. 68.

Except for the requests for extension, respondent did not receive any correspondence from petitioner prior to the mailing of the notice of deficiency. Further, prior to the mailing of the notice of deficiency, no division of the Internal Revenue Service had ever corresponded with petitioner at the Kansas address.

Respondent received two Forms 1099-MISC with respect to petitioner from a third-party employer bearing the Kansas Address. Respondent's records reflect that these information returns were received by respondent in 1995 and were issued in respect of the taxable year 1994.

About 3 years after the notice of deficiency was mailed, respondent mailed a copy of a notice of Federal tax lien to petitioner in September 1997, at the Kansas Address. Petitioner mailed his petition for redetermination to the Court in an envelope bearing a private postmeter postmark date of October 31, 1997. The petition was filed by the Court on November 3, 1997.

Discussion

This Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to a taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. Hence, a notice of deficiency that is returned to the Commissioner by the Postal Service as "undeliverable" is valid irrespective of its lack of receipt, as long as it is sent to the taxpayer at the taxpayer's last known address. Gille v. United States, 33 F.3d 46, 48 (10th Cir. 1994). The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to the taxpayer outside the United States) from the date that the notice of deficiency is mailed to file a petition with this Court for a redetermination of the deficiency. Sec. 6213(a).

In the present case, respondent mailed the notice of deficiency to petitioner in triplicate on August 24, 1994. The petition arrived at the Court in an envelope postmarked October 31, 1997, and was filed by the Court on November 3, 1997. Given that the petition was neither mailed nor filed before the expiration of the 90-day statutory period for filing a timely petition, it follows that we lack jurisdiction over the petition. Secs. 6213(a), 7502; Rule 13(a), (c); see Normac, Inc. v. Commissioner, supra.

The question presented is whether dismissal of this case should be premised on petitioner's failure to file a timely petition under section 6213(a) or on respondent's failure to issue a valid notice of deficiency under section 6212. Petitioner contends that he did not receive the notice of deficiency and that the notice is invalid because it was not mailed to him at his last known address.

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations thereunder, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681. In deciding whether respondent mailed a notice to a taxpayer at the taxpayer's "last known address", the relevant inquiry "pertains to respondent's

knowledge rather than to what may in fact be the taxpayer's most current address." Frieling v. Commissioner, supra at 49. The burden of proving that a notice of deficiency was not sent to the taxpayer's last known address is on the taxpayer. Yusko v. Commissioner, supra at 808.

Respondent mailed one copy of the notice of deficiency to the address listed on petitioner's 1986 return--the last tax return filed by petitioner prior to the mailing of the notice of deficiency on August 24, 1994. Consequently, the notice of deficiency was mailed to petitioner's last known address unless petitioner can demonstrate: (1) He provided respondent with clear and concise notice of a change of address; or that (2) prior to the mailing of the notice of deficiency, respondent knew of a change in petitioner's address and did not exercise due diligence in ascertaining petitioner's correct address. See Abeles v. Commissioner, supra.

A.  Clear and Concise Notice of Change of Address

Petitioner's contention that the notice of deficiency is invalid rests partially on the contention that he gave clear and concise notice of a change of address to respondent by filing Forms 4868 for the years 1987 through 1994. We disagree with petitioner for several reasons.

First and foremost, petitioner has not established that he listed the Kansas Address on any of the Forms 4868 that he filed with respondent. Second, we have repeatedly held that the mere

filing of a document, such as a Form 4868, indicating a different address than the taxpayer's address on file, does not give the Commissioner clear and concise notification of a change of address.  See, e.g., Monge v. Commissioner, supra (Forms 4868 and 2688, extension forms); Mollet v. Commissioner, 82 T.C. 618 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985) (a Tax Court petition);  McCormick v. Commissioner, 55 T.C. 138 (1970) (an informal letter advising the IRS of an address change); Cantu v. Commissioner, T.C. Memo. 1990-354 (Form 4868); Pritchett v. Commissioner, T.C. Memo. 1986-559 (a letter with new address at the bottom without any comment); Marlin v. Commissioner, T.C. Memo. 1985-600 (Form 2848, power of attorney). In this regard, we observed in Monge v. Commissioner, 93 T.C.at 32:

> Perhaps the most significant objection to * * * [the taxpayers'] position is that it would require * * * [the Commissioner] to record the address shown on every extension request filed with him.  The adoption of their position would clearly upset the balance between the administrative burdens imposed on * * * [the Commissioner] and the interest of taxpayers in obtaining actual notice of * * * [the Commissioner's] determination.  If * * * [the taxpayer] had wanted * * * [the Commissioner] to use the address shown on * * * Form 4868 * * * as his last known address, it would have been a simple matter for him to have so indicated on the form itself.  * * *[The taxpayer] chose not to do so and thereby failed to clearly and concisely notify * * * [the Commissioner] of the desired change. Accordingly, we hold that the Forms 4868 * * * filed by * * * [the taxpayer] * * * did not provide clear and concise notification to * * * [the Commissioner] of * * * [the taxpayer's] change of address. [Citations omitted.]

If we were to hold that the Commissioner is obliged to regard the address shown on a Form 4868 as a taxpayer's current address, we would impose an unreasonable administrative burden on the Commissioner to record every address appearing on every Form 4868 for every taxpayer.  Also, we would cause uncertainty by requiring the Commissioner to use an address that the taxpayer may not have communicated to him[3] and that the taxpayer did not clearly direct the Commissioner to use.  Cf. United States v. Zolla, 724 F.2d 808, 811 (9th Cir. 1984); Farnham v. Commissioner, T.C. Memo. 1991-642.  Therefore, we have held that the taxpayer must clearly communicate that the new address should be used by respondent.  E.g., King v. Commissioner, 857 F.2d at 681; Tadros v. Commissioner, 763 F.2d 89, 92 (2d Cir. 1985); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374, affd. without published opinion 538 F.2d 334 (9th Cir. 1976); McCormick v. Commissioner, supra at 141.

Petitioner relies on Sicari v. Commissioner, 136 F.3d 925 (2d Cir. 1998), vacating and remanding T.C. Memo. 1997-104, for the proposition that by filing the Forms 4868, he gave clear and concise notice to respondent of his change of address.  We think that petitioner's reliance on Sicari v. Commissioner, supra, is misplaced.

---

[3] It should be recalled that the taxpayer's signature is not required on a Form 4868 and that a preparer may file a Form 4868 without knowledge of the taxpayer.

In Sicari, the taxpayers never moved, but the Postal Service refined the taxpayers' address twice within a period of 1 year. Although the Court of Appeals noted that the taxpayers had used the refined address on requests for extension filed with the Commissioner prior to the mailing of the notice of deficiency, this was not the primary basis of the Court of Appeals' holding that the Commissioner had not acted with the requisite reasonable diligence.  Rather, the Court of Appeals based its holding on the following circumstances, all of which occurred before the mailing of the notice of deficiency: The taxpayer used the refined address on a petition filed in bankruptcy proceedings; the collection division of the IRS received prompt notice of the bankruptcy filing and entered the refined address in one of the Commissioner's computer databases; and the collection division proceeded to use the refined address in correspondence with the taxpayers and on proof of claim forms filed against the taxpayer in bankruptcy.  It was only in light of such "extraordinary circumstances" and "on the precise facts of th[e] case" that the Court of Appeals held that the deficiency notice had not been mailed to the taxpayers' last known address.  Id. at 926. Because such circumstances are not present in the instant case, we are not persuaded by petitioner's contention that by filing Forms 4868 he gave respondent clear and concise notice of a change of address.

Petitioner further contends that respondent had clear and concise notice of the change of his address by virtue of the two Forms 1099-MISC reporting petitioner's income with respect to the 1994 taxable year.  Again, we disagree with petitioner.

First, neither of the Forms 1099-MISC on which petitioner relies was available to respondent prior to August 24, 1994, the date on which the notice of deficiency was mailed.  Therefore, neither of those documents could have alerted respondent to any change in petitioner's address.  See Abeles v. Commissioner, 91 T.C. 1019 (1988).

Even assuming arguendo that respondent was in possession of such documents at the time the notice of deficiency was mailed, a third-party information return does not constitute clear and concise notice to respondent of an address change affecting the payee.  See Guillen v. Barnes, 819 F.2d 975, 977 (10th Cir. 1987); Berg v. Commissioner, T.C. Memo. 1993-77; McCart v. Commissioner, T.C. Memo. 1992-3, affd. without published opinion 981 F.2d 1247 (3d Cir. 1992).

In sum, petitioner failed to give respondent clear and concise notice of his current address.  We must therefore decide whether respondent knew of a change in petitioner's address prior to the mailing of the notice of deficiency, and, if so, whether respondent exercised due diligence in ascertaining petitioner's new address.

B.  Respondent's Due Diligence

We have held that the Commissioner must exercise reasonable diligence and care in ascertaining the taxpayer's current address once the Commissioner becomes aware of a change in the taxpayer's address.  Abeles v. Commissioner, supra; Keeton v. Commissioner, 74 T.C. 377, 382 (1980); Alta Sierra Vista, Inc. v. Commissioner, supra at 374.  Thus, if previous correspondence mailed by the Commissioner to a taxpayer is returned as undeliverable before the notice of deficiency is mailed, the Commissioner could reasonably be expected to conduct a further inquiry.  See Abeles v. Commissioner, supra.

Clearly, in the present case, respondent was aware of a change in petitioner's address due to the fact that prior correspondence to petitioner had been returned as undeliverable. At this point, we must consider the nature of respondent's duty of due diligence and whether respondent discharged that duty.

The Court will consider all of the facts and circumstances in deciding whether respondent exercised reasonable care in ascertaining the taxpayer's current address.  Weinroth v. Commissioner, 74 T.C. 430, 435 (1980).  In this context, our inquiry requires an analysis of the efforts made by respondent to determine the address for mailing the notice of deficiency.  Id.

Courts have typically held that the Commissioner has failed to discharge the duty of reasonable diligence if a search in the

Commissioner's computer databases would reveal a taxpayer's correct address. E.g., Abeles v. Commissioner, supra; Taylor v. Commissioner, T.C. Memo. 1988-152. On the other hand, courts have refused to impute knowledge to the Commissioner of all address information listed on all the various forms (such as Forms 4868) and correspondence received by the Commissioner. See, e.g., Guillen v. Barnes, supra at 977; Monge v. Commissioner, 93 T.C. 22 (1989); Mollet v. Commissioner, 82 T.C. 618 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); McCormick v. Commissioner, 55 T.C. 138 (1970); Pritchett v. Commissioner, T.C. Memo. 1986-559; Marlin v. Commissioner, T.C. Memo. 1985-600. The objective is to strike a balance between the administrative burden placed on the Commissioner and the taxpayer's interest in timely receiving a notice of deficiency.

In view of the foregoing and in the context of the specific facts of the present case, we must decide whether respondent satisfactorily discharged the duty of due diligence in mailing the notice of deficiency to petitioner. For the following reasons, we hold that he did.

Because respondent does not retain any address information that may be listed on a Form 4868, none of respondent's computer databases reflected petitioner's Kansas Address when the notice of deficiency was mailed. Petitioner's most recently filed

return reflected the Colorado Springs Address, an address to which respondent mailed a copy of the notice of deficiency. In addition, respondent mailed a copy of the notice of deficiency to two other addresses, the Nathrop Address--that of petitioner's parents--and the Second Colorado Springs Address. Respondent obtained the Second Colorado Springs Address as a result of a request for information from one of petitioner's previous employers. Prior to the mailing of the notice of deficiency, respondent had not attempted to correspond with petitioner at the Second Colorado Springs Address and therefore had no "undelivered" mail from this address. Based on respondent's inquiries, respondent may have concluded that the Second Colorado Springs Address was petitioner's last known address.

Petitioner did not inform respondent of his address change through written notice or otherwise. He did not file tax returns for 1987 through 1994. As mentioned, if petitioner wanted respondent to communicate with him at the Kansas Address, it would have been a simple matter for him to inform respondent of his change of address. Monge v. Commissioner, supra. Presumably petitioner knew that he had failed to file tax returns for over 7 years and that respondent might attempt to contact him.

Petitioner contends that respondent could have ascertained petitioner's current address by reviewing petitioner's transcript of account, by observing that a Form 4868 had been filed for the taxable year 1993, and by reviewing that form to determine

petitioner's new address. However, petitioner has not established that the Kansas Address was listed on any Form 4868 that he filed previous to the mailing of the notice of deficiency. If respondent had reviewed any of petitioner's Forms 4868, there is no evidence that respondent would have been able to ascertain petitioner's Kansas Address.

Even assuming that the Forms 4868 listed the Kansas Address, such forms were received by a different division of the IRS than the one that issued the notice of deficiency. In this regard, the Court of Appeals, in Guillen v. Barnes, 819 F.2d 975, 977 (10th Cir. 1987), stated:

> As to the address given on the W-4 form and * * * [the taxpayer's] other correspondence, it ignores administrative realities to impute knowledge of an address change to the division of the IRS that issued the deficiency notice, based on information received in another IRS division that was not identified as new permanent address information. [Emphasis added.]

Based on the circumstances in the present case, respondent's efforts in mailing the notice of deficiency were reasonably diligent. Respondent sent five different address information requests to the postmasters in Denver, Colorado, Nathrop, Colorado, and Colorado Springs, Colorado, to verify five possible addresses for petitioner. Respondent also attempted to obtain petitioner's correct address by contacting petitioner's parents and a previous employer. Finally, respondent mailed the notice of deficiency to three different addresses, one of which respondent may have concluded was petitioner's then current address.

The burden of proof is on the taxpayer to prove that the Commissioner did not exercise "reasonable diligence".  <u>Cyclone Drilling, Inc. v. Kelley</u>, 769 F.2d 662, 664 (10th Cir. 1985). Under similar circumstances, the Court of Appeals for the Tenth Circuit, in holding that the taxpayer had failed to prove the lack of due diligence by the Commissioner, stated that "[A] taxpayer, who did not bother to file a tax return * * * [for a number of years], will not now be heard to complain that the IRS was not adequately diligent in its efforts to track him down." <u>Gille v. United States</u>, 33 F.3d 46, 48 (10th Cir. 1994).  We similarly hold that petitioner has failed to prove that respondent did not exercise reasonable diligence in mailing the notice of deficiency to petitioner's Kansas Address.

In view of the foregoing, we shall deny petitioner's motion to dismiss and grant respondent's motion to dismiss.[4]

---

[4]  Although petitioner cannot pursue his case in this Court, he is not without a legal remedy.  In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied or not acted on within 6 months, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).

In order to reflect the foregoing,

<u>An order will be entered denying petitioner's motion, granting respondent's motion, and dismissing this case for lack of jurisdiction on the ground that the petition was not timely filed.</u>